UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SHARYLL PRIMUS, | ) CASE NO. 5:18 CV 129 |
| Plaintiff, | ) JUDGE JOHN R. ADAMS |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| OHIO CIVIL RIGHTS COMMISSION AGENCY, | ) AND ORDER |
| et al., | ) |
| Defendants. | ) |

On January 17, 2018, plaintiff *pro se* Sharyll Primus filed this *in forma pauperis* action against the following defendants: Ohio Civil Rights Commission Agency ("OCRC"), Akron; Akron OCRC Investigator Tameka Brooks; Akron OCRC Director Brad Dunn; Akron OCRC Mediator Ricky Boggs; Landlord Robert Cady; Landlord Cheryle Reitz,; United States Department of Housing and Urban Development; Portage Metropolitan Housing Authority ('PMHA"); OCRC Columbus; Barbara Soohney, OCRC Akron Division; OCRC Residential Supervisor Bryan Asoba; PMHA Caseworker Amy Bowers; PMHA Caseworker Marie Johnson; PMHA Director Pamela Calhoun; OCRC Executive Director G. Michael Payton; Head Director, OCRC; Director of Regional Operations Keith P. McNeil; Chief Legal Counsel Stephanie Bostos-Demers; Leonard Hubert, OCRC; Juan P. Cepedes, OCRC Central Office; William W. Patmon, III, OCRC Central Office; Madhu Singh, OCRC Central Office; Attorney William Simon; Attorney Timothy Thomas; Attorney Samuel Guy Casolari; U.S. Attorney General,

Department of Justice; and, U.S. Attorney, N.D. Ohio.

Plaintiff alleges in her Complaint that she was not afforded a face-to-face reconsideration hearing from OCRC concerning her eviction. She appears to further allege that her eviction was retaliatory in violation of the Ohio Landlord-Tenant Act.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the Complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting she might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

(6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  Further, to the extent plaintiff seeks to assert claims under the Ohio Landlord-Tenant Act, she must pursue such claims in state court.

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


Date: February 14, 2018       */s/ John R. Adams*
                              JOHN R. ADAMS
                              UNITED STATES DISTRICT JUDGE